UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                               CASE NO. 8:16-cv-1706-SDM-TGW
                                                                                                    8:02-cr-9-SDM-TGW

GARRY VICTOR FRASIER
_____/

**ORDER**

In 2003 a jury convicted Frasier of three counts of armed bank robbery and two counts of using a firearm during a crime of violence. The following year the convictions and sentences were affirmed. *United States v. Frasier*, 381 F.3d 1097 (11th Cir. 2004); (Doc. 150 in 02-cr-9).

In 2011 Frasier moved under Rule 35(a), Federal Rules of Criminal Procedure, to correct sentence, which the district court both denied as untimely under Rule 35 and determined was untimely if construed as a motion under 28 U.S.C. § 2255. (Docs. 157 and 158) In 2013 the circuit court affirmed. (Doc. 165)

In 2016 Frasier filed a paper captioned "Petition for a Writ of Habeas Corpus" in which he (1) "mov[ed] this Honorable Court pursuant to the provisions of Title 28 U.S.C. section 2254 (or in the alternative section 2255)" (Doc. 1 at 7) and (2) "requests this Honorable Court to Vacate and Set-Aside the convictions and sentences imposed upon him in counts two and seven . . . ." (Doc. 1 at 22) In his paper, generously interpreted, Frasier arguably asserts entitlement to relief under

*Welch v. United States*, 578 U.S. 120 (2016), which applies *Johnson v. United States*, 576 U.S. 591 (2015), retroactively. An earlier order (Doc. 6) determines (1) that the motion to vacate is untimely because Frasier's claims fall outside the scope of *Johnson* and (2) that the motion is untimely under each of the one-year limitations in Section 2255(f). Based on Frasier's response (Doc. 9) to that order, the United States was ordered to address Frasier's asserted entitlement to proceed (1) under the "fundamental miscarriage of justice" exception to the limitation and (2) under Section 2241 through the savings clause in Section 2255. A later order (Doc. 13) advises Frasier that he must proceed exclusively under Section 2255 and cautions him, as required by *Castro v. United States*, 540 U.S. 375, 383 (2003), about re-characterizing a *pro se* filing as a first motion under Section 2255.[1] In accord with that order Frazier filed an amended motion to vacate in which he asserts entitlement to relief under *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), which extends *Johnson's* holding to his statute of conviction. As a consequence, this action proceeds under Frasier's amended motion to vacate, his supporting memorandum, the United States' response, and Frasier's reply. (Docs. 14, 15, 20, and 24)

      Frasier is imprisoned for a total of 528 months based on his convictions for (1) armed bank robbery (count one); (2) use of a firearm during a crime of violence, specifically, the armed bank robbery in the preceding count (count two); (3) armed bank robbery (count four); (4) armed bank robbery (count six); and (5) use of a

---

[1] Also, the order administratively closed this action, which was re-opened in 2020.

firearm during a crime of violence, specifically, the armed bank robbery in the preceding count (count seven). The amended motion to vacate asserts four grounds for relief. The first ground asserts entitlement to relief under *Davis*, 139 S. Ct. at 2336, which extends *Johnson's* holding (that the residual clause in 18 U.S.C. § 924(e)(2)(B) is unconstitutionally vague) to find that the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. The United States recognizes that the first ground is timely under *Davis* but argues that the remaining non-*Davis* grounds are procedurally barred, time-barred, or both.

**Ground One: *Davis***

A jury convicted Frasier of both the armed robbery of a credit union in Bradenton, Florida, as charged in count one of the indictment and the use of a firearm during that robbery as charged in count two. Also, the same jury convicted Frasier of both the armed robbery of a bank in St. Augustine, Florida, as charged in count six of the indictment and the use of a firearm during that robbery as charged in count seven. The two firearm convictions under 18 U.S.C. § 924(c) are based on Frasier having used or carried a firearm during a "crime of violence," which is defined as "a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person . . . of another, or (B) that by its nature, involves a substantial risk that physical force against the person . . . of another may be used in the course of committing the offense." The definition in part "(A)" is commonly called the "elements clause" or "use-of-force clause" and the definition in part "(B)" is commonly called the "residual clause." Frasier contends that the two

firearm convictions are invalid under *Davis*, which held as unconstitutionally vague the definition in the "residual clause." Frasier's contention is unfounded because "armed bank robbery is a qualifying crime of violence under" the elements clause. *United States v. Alston*, 795 F. App'x 659, 661 (11th Cir. 2019). *See also Levatte v. United States*, 805 F. App'x 658, 660 (11th Cir. 2020) ("Levatte cannot show that his § 924(c) convictions are invalid in light of *Davis* because, regardless of *Davis's* holding that the residual clause in § 924(c)(3)(B) is unconstitutionally vague, this Court has held that aiding and abetting Hobbs Act robbery qualifies as a crime of violence under the elements clause in § 924(c)(3)(A)."). Moreover, in denying leave to file a second or successive motion to vacate, *In re Pollard*, 931 F.3d 1318, 1321 (11th Cir. 2019), explains that "[i]f the companion crime for which an applicant was convicted qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause, that applicant cannot show that there is a "reasonable likelihood" that he will benefit from the rule announced in *Davis*."

In addition to relying on *Davis* to challenge the firearm convictions, Frasier asserts entitlement to relief based on a change to the statute. For the first firearm conviction (count two), Frasier is imprisoned under Section 924(c)(1)(A)(i) for the mandatory minimum of sixty months, consecutive to the term of imprisonment imposed for the underlying crime of violence charged in count one. For the second firearm conviction (count seven), Frasier is imprisoned under Section 924(c)(1)(C)(i) for the mandatory minimum of three hundred months (twenty-five years). In 2018 Congress passed the "First Step Act," which includes an amendment to this latter

provision to require finality of a first Section 924(c) conviction before authorizing a twenty-five-year mandatory minimum sentence for a second conviction. The amendment to Section 924(c) does not apply retroactively. *United States v. Smith*, 967 F.3d 1196, 1210–13 (11th Cir 2020); *see also United States v. Griffin*, 859 F. App'x 359 (11th Cir. 2021) (citing *Smith*); *United States v. Rivera*, 824 F. App'x 930, 936–37 (11th Cir. 2020) (citing *Smith*).

Lastly, Frasier argues that a "fundamental miscarriage of justice w[ill] occur if [his] claim [is] not reviewed by this Court on the merits." (Doc. 24 at 3) The "miscarriage of justice" exception and the "actual innocence" exception are the same exception. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995) ("To ensure that the fundamental miscarriage of justice exception would remain 'rare' and would only be applied in the 'extraordinary case,' while at the same time ensuring that the exception would extend relief to those who were truly deserving, this Court explicitly tied the miscarriage of justice exception to the petitioner's innocence."); *House v. Bell*, 547 U.S. 518, 537 (2006) (using both "miscarriage of justice" and "actual innocence" to describe the same exception). And "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Consequently, Frasier bears the burden of proving that he did not commit the criminal offense for which he is imprisoned.

Frasier cannot challenge the validity of the sentences for the firearm convictions under the miscarriage of justice exception because "[n]either the Supreme Court nor this Court has yet ruled on whether [the] actual innocence of

sentence exception extends to the noncapital sentencing context." *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011). *See Galvez v. United States*, 515 F. App'x 855, 856 n.2 (11th Cir. 2013) ("Galvez's procedural default is not excused under the 'actual innocence' exception, because challenging one's career offender status is not a claim of *factual* innocence; it is instead an argument about *legal* innocence.") (italics original) (citing *McKay*).

**Grounds Two, Three, and Four: Non-*Davis***

Frazier alleges that the United States failed to prove that the object he possessed met the statutory definition of a firearm (ground two), that the United States substituted the term "handgun" for the term "firearm" in the verdict form (ground three), and that counsel rendered ineffective assistance by not properly investigating whether the item he possessed met the statutory definition of a firearm and was not a replica, toy, or other imitation (ground four). The United States correctly argues that the non-*Davis* grounds are procedurally barred, time-barred, or both.

On direct appeal the circuit court rejected the substance of ground two (that the item Frasier possessed met the statutory definition of a firearm) by rejecting Frasier's contention "that the evidence was insufficient to show that he used and carried a handgun during the robberies . . . ." *Frasier*, 381 F.3d at 1099. Reconsideration of this issue is barred by the "law of the case." *United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005) ("The law of the case doctrine bars re-litigation of issues that were decided, either explicitly or by necessary implication,

in an earlier appeal of the same case."). *See also United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal. '[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255.'") (quoting *United States v. Natelli*, 553 F.2d 5, 7 (2d Cir. 1977)). Additionally, Frasier is time-barred from raising this claim because his limitation under Section 2255(f)(1)[2] expired in 2005 and he shows entitlement to no other limitation under Section 2255(f)[3] for the claim in ground two.

Frasier could have raised on direct appeal the substance of his ground three (the use of "handgun" in the jury verdict, which in two places summarizes the charge as "using and carrying a firearm, namely a handgun, . . ."). Because the (meritless) issue was not timely raised, Frasier is now procedurally barred from raising the issue in this collateral action. "The general rule [is] that claims not raised on direct appeal

---

[2] "A 1-year period of limitation shall apply to a motion under this section. The limitation . . . shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ."

[3] Section 2255(f) permits a delayed start of the limitation at three additional times:

> (2) the date on which the impediment to making a motion created by State action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

- 7 -

may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003*). See also Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989) ("In general, a defendant must assert an available challenge to a sentence on direct appeal or be barred from raising the challenge in a section 2255 proceeding."); *Nyhuis*, 211 F.3d at 1343 n.3 (citing *Greene*). Additionally, even if he could show cause and prejudice, Frasier is time-barred from raising this claim because his limitation under Section 2255(f)(1) expired in 2005 and he shows entitlement to no other limitation under Section 2255(f) for the claim in ground three.

Frasier is now time-barred from raising his ground four (ineffective assistance of counsel for not properly investigating whether he possessed an actual firearm) because his limitation under Section 2255(f)(1) expired in 2005 and he shows entitlement to no other limitation under Section 2255(f) for the claim in ground four.

The amended motion (Doc. 14) to vacate is **DENIED**. The clerk must enter a judgment against Frasier, close this civil case, and enter a copy of this order in the criminal case.

## DENIAL OF BOTH CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Frasier is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant

has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Frasier must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Frasier is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Frasier must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on August 11, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE